**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE MCGOWAN, | : | Case No.: _____ |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | (formerly Case No. A 2301341 |
| | : | in the Court of Common Pleas |
| HARTWIG AND MCCORMICK | : | of Hamilton County, Ohio) |
| TRUCKING, PATRICIA SMITH, and | : | |
| YVONNE LNU, | : | |
| | : | |
| Defendants. | | |

**<u>DEFENDANT HARTWIG AND MCCORMICK TRUCKING'S
NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Hartwig and

McCormick Trucking ("Hartwig and McCormick Trucking" or "Defendant") hereby

gives notice of removal of this action, captioned *Charlene McGowan v. Hartwig and*

*McCormick Trucking, et al.*, being civil action Case No. A 2301341 in the Court of Common

Pleas of Hamilton County, Ohio, from said court to the United States District Court for

the Southern District of Ohio, Eastern Division. Pursuant to 28 U.S.C. § 1446(a),

Defendant provide the following statement of the grounds for removal.

**I.     BACKGROUND**

1.     On April 3, 2023, Plaintiff Charlene McGowan ("Plaintiff") filed a

Complaint in the Court of Common Pleas of Hamilton County, Ohio, Case No.

A 2301341, against three Defendants:  Hartwig and McCormick Trucking, Patricia Smith,

and Yvonne LNU ("last name unknown").  The Complaint asserts the following claims: wrongful termination in violation of public policy against all Defendants (Count I); violation of the Ohio Whistleblower Statute, R.C. §4113.52, against Hartwig and McCormick Trucking (Count II); gender discrimination under R.C. §4112.01 and Title VII against Hartwig and McCormick Trucking (Counts III and IV); "retaliation" against all Defendants (Count V)[1]; and unlawful aiding, abetting, and inciting of discrimination under R.C. §4112.02 against Smith and Yvonne LNU (Count VI).  A copy of the Complaint is attached as Exhibit A.

2. Further, pursuant to 28 U.S.C. § 1446(a), Defendant has also attached as Exhibit B true and accurate copies of all process, pleadings, orders served upon it, and other documents filed in the state court action other than the Complaint, which is attached as Exhibit A.

## II. VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the Court of Common Pleas of Hamilton County, Ohio, where the Complaint was filed, is a state court located in the United States Southern District of Ohio, Eastern Division.

4. This Court has federal question subject-matter jurisdiction over Plaintiff's claims arising under Title VII, 28 U.S.C. § 2000e *et seq.*, pursuant to 28 U.S.C. § 1331(a);

---

[1] It is unclear under which statute Plaintiff brings her retaliation claim, but as her Complaint cites both Title VII and R.C. § 4112.01 for her gender discrimination claim, Defendant interprets this claim to be alleging retaliation under both federal and state law as well.

this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under Ohio state law because they are so related to the federal claims asserted under Title VII that they form part of the same case and controversy; and all other requirements for removal under 28 U.S.C. § 1446 have been satisfied.

**III.    PLAINTIFF'S COMPLAINT RAISES A FEDERAL QUESTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 , 42 U.S.C. §§ 2000.**

5.      Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where such action is pending.  Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.      Title VII, 42 U.S.C. §§ 2000, *et seq.*, a federal statute, was enacted by Congress, *inter alia*, to protect private citizens from employment discrimination based on sex, race, color, national origin, and religion.

7.      As stated above, Plaintiff purports to set forth causes of action for claimed violations of Title VII on the basis of gender discrimination and retaliation.  (*See* Ex. A at ¶¶ 180-195.)  Thus, federal question jurisdiction exists over Plaintiff's claims because the resolution of Plaintiff's claims under Title VII will require adjudication of a disputed

3

question of federal law. Because Plaintiff's cause of action arises under the laws of the United States, removal of this case is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

**IV.     PLAINTIFF'S STATE LAW CLAIMS ARE SO RELATED TO THE TITLE VII CLAIMS THAT THEY FORM PART OF THE SAME CASE OR CONTROVERSY WITHIN THE MEANING OF 42 U.S.C. § 1367.**

8.     Removal of the attendant state law claims in this case requires that the Court be authorized to exercise supplemental jurisdiction over them. The Court can exercise supplemental jurisdiction over the state law claims in this case because they are so related to the federal claim over which the Court has original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" if they derive from a common nucleus of operative fact and considerations of judicial economy dictate having a single trial. *Blakely v. United States*, 276 F.3d 853, 861, 863 (6th Cir. 2002).

9.     Here, Plaintiff brings Counts III and IV for gender discrimination against Hartwig and McCormick Trucking pursuant to Title VII and Ohio Revised Code Chapter 4112. Both claims are premised on the identical allegations that Plaintiff was discriminated against during her employment and unlawfully terminated because of her gender. (*See* Ex. A at ¶¶ 169-190.) So, although the claim in Count III arises under Ohio state law, the claims in Counts III and IV derive from a common, identical nucleus of operative fact. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (finding

federal and state civil rights claims shared common nucleus of operative fact where they were premised on identical allegations).

10.     Plaintiff's Count V is a retaliation claim against all Defendants brought without citation to a specific statute. However, such a claim may be raised pursuant to Title VII and R.C. Chapter 4112.  Even if this claim was not being alleged under Title VII, Plaintiff alleges she was unlawfully terminated from her employment after complaining about gender discrimination and mishandling of employees' wellness money and then, being selected for a random drug test. (*See* Ex. A at ¶¶ 191-195.)  Count V and the Title VII gender discrimination claim thus arise from the same common nucleus of operative fact because both claims assert that Plaintiff was terminated because of her gender. *Harper*, 392 F.3d at 209 (holding retaliation claim shared common nucleus of operative fact where the alleged retaliation related to circumstances precipitating or arising out of the same act of termination the other claims pertained to).

11.     Plaintiff's Count VI is a state law claim against Smith and Yvonne LNU, claiming they unlawfully aided, abetted, and incited Hartwig's discriminatory treatment of Plaintiff in violation of R.C. §§ 4112.02 and 4112.99.  While the particular means of Smith and Yvonne LNU's "aiding and abetting" are not expressly identified, the pleading necessarily implies that the alleged discriminatory treatment addressed under Count VI includes the same treatment furnishing the factual basis for the Title VII claims.  Thus, Count VI and the Title VII claim derive from a common nucleus of operative fact.

5

12.     Plaintiff's Counts I and II are claims for wrongful termination in violation of public policy against all Defendants and for violation of the Ohio Whistleblower Statute R.C. § 4113.52 against Hartwig and McCormick Trucking.  Counts I and II and Plaintiff's Title VII claims arise from the same common nucleus of operative fact because both claims center on whether Plaintiff was wrongfully terminated and/or retaliated against and rely on her allegations that there was no valid basis for her termination. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988) (noting that plaintiff's "state-law claims fell within the jurisdiction of the District Court to which the action was removed because they derived from the same nucleus of operative fact as the federal-law claim: CMU's dismissal of [an employee]").

13.     Because every claim in the Complaint derives from a common nucleus of operative fact, the Court may exercise supplemental jurisdiction over every claim in the Complaint, even those arising incidentally under Ohio state law.  *See Harper*, 392 F.3d at 209.

14.      Moreover, as these claims concern the same parties and circumstances, judicial economy counsels the exercise of supplemental jurisdiction to bring about a single, consistent resolution.  None of the prohibitive circumstances listed under 28 U.S.C. § 1367(c) apply here: (1) there is no novel or complex issue of State law presented in the Complaint; (2) the state claims do not predominate over the federal claim; (3) the Court has not dismissed the federal claim in this action; and (4) there is no exceptional

6

circumstance compelling the district court to decline supplemental jurisdiction over the state claims.

## V.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

15.    Service of the state court Complaint was made upon Hartwig and McCormick Trucking on April 11, 2023.  (*See* Ex. B.)  The 30-day deadline to file a Notice of Removal is thus May 11, 2023.  28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1).  This Notice, along with the required copy of all process, pleadings, and orders served upon the Defendants, has been filed on or by May 11, 2023, and is therefore timely. Furthermore, all three Defendants join in and consent to the removal of this action.  28 U.S.C. § 1446(b)(2)(A).   A Notice of Filing of Notice of Removal with a copy of this Notice will be filed with the Hamilton County, Ohio Clerk of Courts promptly after this filing. 42 U.S.C. § 1446(d).  A copy of this Notice of Filing of Notice of Removal, without Exhibits, is attached as Exhibit C.

## VI.   CONCLUSION

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas of Hamilton County, Ohio to the United States District Court for the Southern District of Ohio, Western Division.  By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Defendant requests the

opportunity to present a brief and oral argument in support of its position that this case

has been properly removed.

Respectfully submitted,

/s/ Tyler Tarney
TYLER TARNEY (0089082)
ERIC E. LEIST (0097145)
**GORDON REES SCULLY MANSUKHANI, LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ttarney@grsm.com
eleist@grsm.com

*Counsel for Defendant Hartwig and McCormick Trucking, Patricia Smith, and Yvonne LNU*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court for the Southern District of Ohio on May 11, 2023 and served upon all counsel who have appeared in this matter and registered with ECF via the Court's electronic filing system. A copy has also been served via mail upon the following:

EVAN R. MCFARLAND (0096953)
MATTHEW G. BRUCE (0083769)
BRIANNA R. CARDEN (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
11260 Chester Road, Suite 825
Cincinnati, OH 45246
(216) 291-0244 x 173 (Phone)
(216) 291-5744 (Fax)
Matthew.Bruce@SpitzLawFirm.com
Evan.McFarland@spitzlawfirm.com
Brianna.Carden@SpitzLawFirm.com

*Counsel for Plaintiff Charlene McGowan*

/s/ Tyler Tarney
TYLER TARNEY (0089082)