

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
April 3, 2023 10:24 AM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1303422

| | |
|---|---|
| **CHARLENE MCGOWAN** | **A 2301341** |
| vs. | |
| **HARTWIG AND MCCORMICK TRUCKING** | |

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 14**

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| CHARLENE MCGOWAN<br>3149 Crest Road<br>Cincinnati, OH 45251<br><br>    Plaintiff,<br><br>    v.<br><br>HARTWIG AND MCCORMICK TRUCKING<br>11971 Reading Road<br>Sharonville, OH 45241<br><br>  **Serve Also:**<br>  HARTWIG TRANSIT, INC.<br>  c/o CEO Wayne Wickwire<br>  Statutory Agent<br>  P.O. Box 11548<br>  Murfreesboro, TN 37129<br><br>-and-<br><br>PATRICIA SMITH<br>c/o Hartwig and McCormick Trucking<br>11971 Reading Road<br>Sharonville, OH 45241<br><br>-and-<br><br>YVONNE LNU<br>c/o Hartwig and McCormick Trucking<br>11971 Reading Road<br>Sharonville, OH 45241<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

  Plaintiff, Charlene McGowan, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. McGowan is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant HARTWIG AND MCCORMICK TRUCKING, ("Hartwig") is a for profit corporation that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 11971 Reading Road, Sharonville, Ohio 45241.

3. Upon information and belief Defendants Smith and Yvonne LNU are residents of Ohio.

4. Defendant Smith is, and was at all times herein after mentioned, an owner, manager, supervisor, and/or agent of Hartwig, and as such, an employer within the meaning of R.C. §4112.02(J).

5. Defendant Smith did, and at all times hereinafter mentioned, acted directly or indirectly in the interest of Hartwig and/or within the scope of her employment at Hartwig.

6. At all relevant times referenced herein, Defendant Smith supervised and/or controlled McGowan's employment at Hartwig.

7. Defendant Yvonne LNU is, and was at all times herein after mentioned, an owner, manager, supervisor, and/or agent of Hartwig, and as such, an employer within the meaning of R.C. §4112.02(J).

8. Defendant Yvonne LNU did, and at all times hereinafter mentioned, acted directly or indirectly in the interest of Hartwig and/or within the scope of her employment at Hartwig.

9. At all relevant times referenced herein, Defendant Yvonne LNU supervised and/or controlled McGowan's employment at Hartwig.

10. Hartwig is, and was at all times hereinafter mentioned, McGowan's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, R.C. § 4113.52, R.C. § 4101 et seq, and R.C. § 4112 et seq.

11. Within 300 days of the adverse employment actions described herein, McGowan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Charge No. 473-2022-01906 ("EEOC Charge").

12. On or about January 26, 2023, the EEOC issued and mailed Notices of Right to Sue letter to McGowan regarding her EEOC Charge.

13. McGowan received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibits 1.

14. McGowan has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

### JURISDICTION & VENUE

15. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

16. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and/or (3).

17. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

18. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

### FACTS

19. McGowan is a former employee of Hartwig.

20. At all times noted herein, McGowan was qualified for her position at Hartwig.

21. At all times noted herein, McGowan could fully perform the essential functions of her job, with or without a reasonable accommodation.

3

22. McGowan worked as a Truck Driver at Hartwig from February 7, 2019, until Hartwig unlawfully terminated McGowan employment on or around June 10, 2022.

23. McGowan is a woman and therefore in a protected class for gender.

24. Throughout the beginning of McGowan's employment, McGowan became aware of potential embezzlement and fraud by the company. This was discovered when, on two separate occasions, Hartwig failed to pay its employees the differential pay provided to Hartwig by the United States Postal Service ("USPS").

25. McGowan previously brought concerns relating to Hartwig's failure to pay her differential pay to management's attention and was able to resolve them internally.

26. McGowan continued to be suspicious of Hartwig's unlawful conduct behind closed doors.

27. Prior to February 2022, McGowan was a part-time employee.

28. In February 2022, McGowan took on a full-time route.

29. Shortly after beginning her full-time position, in March 2022, McGowan took two Sundays off in a row for health reasons.

30. When McGowan returned to work, she was confronted by assistant supervisor Defendant Yvonne LNU.

31. Yvonne LNU told McGowan, "I don't like you taking two Sundays off in a row."

32. McGown responded "I am not trying to get sick; I just need three days off to not get sick."

33. Yvonne LNU told McGowan "You need a job," to which McGowan told her "I am okay now."

34. During this conversation, head supervisor Defendant Patricia Smith joined in and Yvonne LNU and Smith both began criticizing McGowan.

35. At one point, Smith stated "Maybe you're just too weak to do this route."

36. McGowan was taken aback by this statement and explained she was sick the days she took off.

37. Yvonna LNU then told McGowan that she was no longer allowed to take Sundays off from work or she would be removed from her route.

38. McGowan is aware of at least one male coworker, Ralph Resline, who took multiple Sundays off in a row without receiving discipline and is still allowed to take Sundays off as needed.

39. In May 2022, McGowan brought concerns about unlawful conduct by Hartwig to Smith and Yvonne LNU, as she did not receive the differential pay for the third time during her employment.

40. In addition, McGowan voiced concerns about fraudulent and possibly criminal conduct by Hartwig in handling the employees' wellness money – a protected whistleblower complaint.

41. Smith and Yvonne LNU provided no assistance, leading McGowan to bring her concerns to Amy Campbell, who is in charge of Hartwig's fringe benefits.

42. McGowan informed Campbell that money was missing from her check and that she had dealt with this issue before.

43. McGowan also stated that she believed Hartwig was stealing money from its employees – another protected complaint. Campbell did not take any action.

44. Moreover, McGowan was randomly drug tested that very afternoon after bringing her concerns to Campbell – an adverse action against her.

45. On or around June 10, 2022, McGowan discussed concerns about embezzlement and fraud with Nikki White, a representative at the USPS distribution center – another protected report.

46. During this discussion, McGowan identified that truck drivers were not receiving the differential pay that USPS was providing Hartwig for the drivers.

47. McGowan also explained that she overheard vice president Jerry Hartwig saying he "didn't want to go to jail" while discussing the differential pay.

5

48. On or around June 11, 2022, McGowan received a call from Yvonne LNU stating that the USPS would no longer allow McGowan at the distribution center.

49. Yvonne LNU claimed this information came directly from White.

50. On or around June 12, 2022, McGowan went to Hartwig to discuss her concerns, wherein Yvonne LNU claimed "We didn't say you were fired."

51. McGowan responded "Then what are you doing because you said I can't be working,"

52. McGowan was unable to work her scheduled shifts on June 12 and 14, 2022.

53. To date, McGowan has been unable to work and removed from the schedule at Hartwig, therefore indicating that Hartwig did, in fact, terminated Charlene's employment.

54. The above facts demonstrate that Defendants engaged in a pattern and practice of gender discrimination.

55. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

56. There was a causal connection between whistleblower complaint and Defendants' termination of McGowan.

57. As a result of Hartwig's acts and omissions, McGowan has suffered, and will continue to suffer, damages.

### COUNT I: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

58. McGowan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on her complaints of dangerous, unsafe, or illegal activity.

6

60. Defendant's termination of McGowan jeopardizes these public policies.

61. McGowan was terminated soon after reporting Hartwig for fraudulent activity.

62. The temporal proximity of McGowan's report and termination implies a causal connection.

63. Defendant's termination of McGowan was motivated by conduct related to these public policies.

64. Defendant had no overriding business justification for terminating McGowan.

65. As a direct and proximate result of Defendant's conduct, McGowan has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

### COUNT II: VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52. (Defendant Hartwig Only)

158. McGowan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

159. Around May 2022, McGowan reported to Hartwig through Yvonne LNU and Smith that there was potential illegal activity concerning the employees' checks.

160. On or around June 10, 2022, McGowan reported potential embezzlement at Hartwig to White and the USPS.

161. McGowan reasonably believed that embezzlement is a felony.

162. In the alternative, McGowan reasonably believed that withholding wages constituted a criminal act that threatens the public's health or safety.

163. McGowan verbally complained to Defendant regarding this conduct.

164. McGowan complained to Defendant in writing regarding this conduct,

165. McGowan gave Defendant an opportunity to cure the reported misconduct.

166. Defendant retaliated against McGowan by terminating her employment based on her complaints regarding this conduct.

167. Defendant's termination of McGowan was in violation of R.C. § 4113.52.

168. As a direct and proximate result of Defendant's conduct, McGowan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III: GENDER DISCRIMINATION UNDER R.C. 4112.01 *et seq.*
### (Defendant Hartwig Only)

169. McGowan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

170. McGowan is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

171. Hartwig treated McGowan differently than other similarly situated employees based on her gender.

172. Hartwig discriminated against McGowan on the basis of her gender throughout her employment with the company.

173. Male employees were not treated in this manner.

174. Hartwig unlawfully terminated McGowan without just cause.

175. Alternatively, Defendant's cited reason for the unlawful termination of McGowan's employment was pretext.

176. Defendant terminated McGowan's employment based on her gender.

177. Defendant's discrimination against McGowan based on her gender violates R.C. § 4112.01 *et seq.*

178. McGowan suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

179. As a direct and proximate result of Defendant's conduct, McGowan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: GENDER DISCRIMINATION UNDER TITLE VII
### (Defendant Hartwig Only)

180. McGowan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

181. McGowan is a member of a statutorily protected class based on her gender under Title VII.

182. Hartwig treated McGowan differently than other similarly situated employees based on her gender.

183. Hartwig discriminated against McGowan on the basis of her gender throughout her employment with the company.

184. Male employees were not treated in this manner.

185. Hartwig unlawfully terminated McGowan without just cause.

186. Alternatively, Defendant's cited reason for the unlawful termination of McGowan's employment was pretext.

187. Defendant terminated McGowan's employment based on her gender.

188. Defendant's discrimination against McGowan based on her gender violates Title VII.

189. McGowan suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

190. As a direct and proximate result of Defendant's conduct, McGowan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATION

191. McGowan restates each and every prior paragraph of this complaint, as if it were fully restated herein.

192. During her employment with Hartwig, McGowan made protected reports and complaints regarding the disparate treatment she received for her gender.

193. The temporal proximity between McGowan's complaints, the introduction of false allegations, and the unlawful termination of her employment shows that McGowan was actually fired in retaliation for making these protected complaints.

194. Defendant's actions were retaliatory in nature based on McGowan's complaints of sexual harassment and sexual assault.

195. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of McGowan, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Defendants Smith and Yvonne LNU Only)

196. McGowan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

197. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

10

198. Defendants aided, abetted, incited, coerced, and/or compelled Hartwig's discriminatory termination of McGowan.

199. Defendants aided, abetted, incited, coerced, and/or compelled Hartwig's discriminatory treatment of McGowan.

200. Defendants violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

201. McGowan suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

202. As a direct and proximate result of Defendants' conduct, McGowan has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, McGowan demands from Defendants the following:

a) Issue a permanent injunction:

    i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  v.  Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge McGowan's personnel file of all negative documentation;

c) An award against each Defendants for compensatory and monetary damages to compensate McGowan for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendants in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for McGowan's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

            Respectfully submitted,

            __/s/ Evan R. McFarland____
            Evan R. McFarland (0096953)
            Matthew G. Bruce (0083769)
            Trial Attorney
            Brianna R. Carden (0097961)

                                       **THE SPITZ LAW FIRM, LLC**
                                       Spectrum Office Tower
                                       11260 Chester Road, Suite 825
                                       Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Charlene McGowan*

13

## JURY DEMAND

Plaintiff Charlene McGowan demands a trial by jury by the maximum number of jurors permitted.

                                              /s/ Evan R. McFarland
                                              Evan R. McFarland (0096953)